IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DARRELL BLOOMQUIST,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF UTAH et al.,**<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-00034-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court permitted Plaintiff Darrell Bloomquist ("Plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[2] Before the court are two motions to dismiss.[3]

Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful and is not necessary. DUCivR 7-1(f).

The court **RECOMMENDS** that the motions to dismiss be **GRANTED**.

---

[1] Docket no. 4.

[2] Docket no. 1.

[3] Docket no. 6 & 9.

## BACKGROUND

Plaintiff's complaint is exceptionally difficult to follow.[4] The lone named defendant is the State of Utah, Third Judicial District Court; however, judges, clerks, prosecutors, lawyers, pretrial services, and law enforcement agencies are also purportedly involved in the underlying events in some way, but are not named as defendants. Plaintiff also appears to have defectively attempted to serve the complaint on a representative of Salt Lake County, prompting a limited appearance by the county.

The complaint is one of three actions brought by Plaintiff all arising from the same series of events in 2010. The other two actions are *Bloomquist v. State of Utah*, Case No. 2:15-cv-00848, and *Bloomquist v. Victims Advocate of Utah*, Case No. 2:15-cv-00849. The second related action was previously dismissed with prejudice.

From the court's best efforts to review the complaint, it appears that Plaintiff alleges that he is the victim of a vast conspiracy between prosecutors, law enforcement and judges to unlawfully arrest and maliciously prosecute him. Plaintiff appears to have been arrested on July 23, 2010 in connection with forgery and robbery charges.[5] He appears to have been released, but a warrant was issued and he was arrested a second time on August 29, 2010.[6] He was arrested a third time on December 16, 2010 for witness tampering.[7] Although far from clear, Plaintiff appears to contend that the arrests and subsequent prosecution give rise to claims under 42 U.S.C. § 1983 and state law.

---

[4] Docket no. 24-1.

[5] Docket no. 3.

[6] *Id.*

[7] *Id.*

Before the court are two motions to dismiss the complaint.[8]  The court commends counsel for the quality of their papers in this matter.

## ANALYSIS

### A. Motions to Dismiss

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and "nudge his claims across the line from feasible to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has noted in applying the "new, refined standard" of *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2008) that "plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal marks omitted)).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.* (quoting *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). "Complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficiently pled to survive a motion to dismiss. *Id.* (quoting *Robbins*, 519 F.3d at 1247. Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation," is insufficient to state a claim for which relief can be granted. *Iqbal*, 556 U.S. at 678.  Finally, the Tenth Circuit has made it clear that in a § 1983 case "it is particularly important that the complaint make clear exactly who is alleged to have done what to whom." *Kansas Penn Gaming, LLC*, 656 F.3d at 1215.

---

[8] Docket nos. 6 and 9.

In undertaking this analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted); *see also* DUCivR 3-5 (complaint "should state . . . the basis for the plaintiff's claim or cause of action, and the demand for relief").

Even liberally construing Plaintiff's complaint, the court concludes that the motions to dismiss should be granted.

### 1. Plaintiff's Purported Claims Are Time-Barred.

Plaintiff's purported claims are time-barred. In § 1983 actions, the applicable statute of limitations is the "forum state's statute of limitations for personal-injury claims." *Canfield v. Douglas Cty.*, No. 15-1014, 2015 WL 5692177, at *2 (10th Cir. Sept. 29, 2015) (citing *Wallace v. Kato*, 549 U.S. 384 (2007). Here, the statute of limitations would be four years. *See* Utah Code

Ann. § 78B-2-307(3); *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012). The events purportedly giving rise to Defendant's claims occurred far more than four years before he filed the complaint, and are thus time-barred.

### 2. Plaintiff's § 1983 Claims Against the State or Arms of the State Are Barred by Sovereign Immunity.

The Eleventh Amendment to the United States Constitution precludes "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. A state's sovereign immunity extends to suits under federal law brought by citizens of the state that has been sued. *Alden v. Maine,* 527 U.S. 706, 712 (1999). Entities like the Third District Court and the Utah Highway Patrol are arms of the state and thus immune from suit under the Eleventh Amendment and longstanding principles of sovereign immunity. Hence, Plaintiff cannot maintain claims against these entities.

### 3. Plaintiff's § 1983 Claims Against Non-Persons Are Barred.

Claims may not be brought against a non-person under 42 U.S.C. § 1983. Section 1983 creates a civil action against "[e]very person" who subjects another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. However, states, state subdivisions, and other department and agencies are not "persons" against whom lawsuits under 42 U.S.C. § 1983 may be brought. *Howlett ex rel Howlett v. Rose*, 496 U.S. 356, 365 (1990) (noting that *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) "establishes that the State and arms of the State . . . are not subject to suit under § 1983 in either federal or state court").

### 4. State Law Claims Are Barred by Failure to Provide Notice Under the GIAU.

Under the Governmental Immunity Act of Utah (the "GIAU"), an aggrieved party must

file a notice of claim with the appropriate governmental entity within one year of the date that his claim arises. Utah Code §§ 63G-7-401, -402. "Proper filing of the notice of claim is a jurisdictional requirement to filing suit." *Roberts v. Bradshaw*, No. 2:04-CV-1113 DAK, 2006 WL 722226, at *5 (D. Utah Mar. 22, 2006) (compiling cases). A plaintiff's failure to comply with notice requirements divests a court of subject-matter jurisdiction over the claim. *Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632, 635 (citations and quotations omitted). "Strict" compliance with notice provision is required. *Id.* at ¶ 11, 40 P.3d at 635 (citations and quotations omitted).

Here, Plaintiff fails to allege that he filed a notice of claim within one year of the events giving rise to his complaint, and he does not dispute the contention that no such notice of claim was filed. Accordingly, any state law claims are barred.

The court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Given the deficiencies in the complaint here, any amendment would be futile. For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that that the motions to dismiss be **GRANTED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may

constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 16th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge