IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL C. BLOOMQUIST,<br><br>                Plaintiff,<br>v.<br><br>STATE OF UTAH THIRD JUDICIAL DISTRICT COURT,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING ORDERS OF MAGISTRATE JUDGE**<br><br>Case No. 2:16-CV-34-DN-PMW<br><br>District Judge David Nuffer |

The orders issued by United States Magistrate Judge Paul M. Warner on September 14, 2016, denied Plaintiff's motion for appointment of counsel,[1] denied Plaintiff's motions for hearing,[2] denied Plaintiff's motions for entry of default and for default judgment,[3] and found Defendants' motion to strike moot.[4]

Plaintiff timely objected to the orders on September 22, 2016,[5] arguing that he has a right to counsel under the Sixth and Fourteenth Amendments, that Defendants failed to timely answer his complaint, and that the entry of default and default judgment against Defendants is required.

De novo review has been completed of those portions of the Magistrate Judge's orders to which objection is made, including the record that was before the Magistrate Judge and the

---

[1] Memorandum Decision, docket no. 31, entered Sept. 14, 2016.

[2] Docket Text Order Denying [15] Motion for Hearing, docket no. 26, entered Sept. 14, 2016; Docket Text Order Denying [17] Motion for Hearing, docket no. 30, entered Sept. 14, 2016.

[3] Docket Text Order Denying [11] Motion for Entry of Default, docket no. 27, entered Sept. 14, 2016; Docket Text Order Denying [12] Motion for Default Judgment, docket no. 28, entered Sept. 14, 2016.

[4] Docket Text Order Finding as Moot [14] Motion to Strike, docket no. 29, entered Sept. 14, 2016.

[5] Objection to Courts Denials on Motion for Hearing, Motions for Default Judgement, Moot Findings for Motion to Strike and Courts Denial on Motion for Appointment for Counsel, docket no. 33, filed Sept. 22, 2016.

reasoning set forth in the orders.[6] The analysis and conclusions of the Magistrate Judge on the non-dispositive matters are not "clearly erroneous or … contrary to law"[7] and on the dispositive matters are correct. Therefore, the analysis and conclusions of the Magistrate Judge are accepted and the orders[8] are ADOPTED.

## DISCUSSION

### The Magistrate Judge's denial of Plaintiff's motion for appointment of counsel was not clearly erroneous or contrary to law

"There is no constitutional right to appointed counsel in a civil case[,]"[9] but counsel may be appointed to represent a litigant who is unable to afford counsel.[10] Thus, "[t]he appointment of counsel in a civil case is left to the sound discretion of the district court."[11] Factors for determining whether to appoint counsel include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[12]

Plaintiff was permitted to proceed in this case *in forma pauperis*,[13] which created the possibility for counsel to be appointed in the sound discretion of the court.[14] However, upon

---

[6] 28 U.S.C. § 636(b)(1).

[7] FED R. CIV. P. 72(a).

[8] Memorandum Decision, docket no. 31, entered Sept. 14, 2016; Docket Text Order Denying [15] Motion for Hearing, docket no. 26, entered Sept. 14, 2016; Docket Text Order Denying [17] Motion for Hearing, docket no. 30, entered Sept. 14, 2016; Docket Text Order Denying [11] Motion for Entry of Default, docket no. 27, entered Sept. 14, 2016; Docket Text Order Denying [12] Motion for Default Judgment, docket no. 28, entered Sept. 14, 2016; Docket Text Order Finding as Moot [14] Motion to Strike, docket no. 29, entered Sept. 14, 2016.

[9] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam).

[10] 28 U.S.C. § 1915(e)(1).

[11] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[12] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotations omitted).

[13] Order on Application to Proceed Without Prepayment of Fees, docket no. 2, entered Jan. 27, 2016.

[14] 28 U.S.C. § 1915(e)(1); *Askins*, 14 F.3d at 535.

review of Plaintiff's complaint,[15] serious concerns exist with the sufficiency of the pleading and the merits of Plaintiff's claims in light of issues relating to the applicable statute of limitations,[16] sovereign immunity,[17] and that § 1983 claims may not be brought against non-persons.[18] Additionally, the record is devoid of any indication that Plaintiff is incapable of or unable to adequately pursue or present his claims, and neither the factual nor legal issues presented are so complex as to require the assistance of counsel. Under these circumstances, the Magistrate Judge's denial of Plaintiff's motion for appointment of counsel[19] was not clearly erroneous or contrary to law.

### The Magistrate Judge's determination that a hearing was unnecessary was not clearly erroneous or contrary to law

Plaintiff requested both oral argument and an evidentiary hearing relating to the parties' pleadings and filings in this case.[20] "[T]he decision whether to hold an oral hearing [or evidentiary hearing] is left to the sound discretion of the district court."[21] After review of the record and considering the procedural posture of the case and the issues presented in the parties' pleadings and filings, a hearing was unnecessary to the resolution of the pending matters. Therefore, the Magistrate Judge's denial of Plaintiff's motions for hearing[22] was not clearly erroneous or contrary to law.

---

[15] Complaint, docket no. 3, filed Jan. 27, 2016.

[16] Utah Code Ann. § 78B-2-307(3); *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012).

[17] U.S. Const. amend. XI; *Alden v. Maine*, 527 U.S. 706, 712-13, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999).

[18] 42 U.S.C. § 1983; *Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990).

[19] Memorandum Decision, docket no. 31, entered Sept. 14, 2016.

[20] Motion to Set Hearing, docket no. 15, filed Mar. 24, 2016; Request for Hearing, docket no. 17, filed Mar. 24, 2016.

[21] *Bolin v. Chavez*, 24 Fed.Appx. 936, 940 (10th Cir. 2001); *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 736 (10th Cir. 2016) (regarding decision to grant an evidentiary hearing).

[22] Docket Text Order Denying [15] Motion for Hearing, docket no. 26, entered Sept. 14, 2016; Docket Text Order Denying [17] Motion for Hearing, docket no. 30, entered Sept. 14, 2016.

### The Magistrate Judge's determination that Defendants were not in default was correct

Rule 55(a) of the Federal Rules of Civil Procedure provides that a party "against whom a judgment for affirmative relief is sought" is in default when the party "has failed to plead or otherwise defend[,]" and "that failure is shown by affidavit or otherwise" to the clerk of the court.[23] Rule 12(a)(1) of the Federal Rules of Civil Procedure requires that an answer be served and filed within 21 days after service of a summons and complaint.[24] However, Rule 12(b) provides that a party may assert certain defenses by filing a motion to dismiss prior to filing an answer,[25] which alters the time for filing an answer until after a ruling is issued on the motion.[26]

Plaintiff filed a proof of service indicating service of a summons and his complaint on Defendants occurred on February 1, 2016. On February 19, 2016, Defendant Salt Lake County filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(6), arguing that Plaintiff's claims are barred by the applicable statute of limitations and sovereign immunity.[27] On February 22, 2016, Defendant State of Utah filed a motion seeking an extension of time to answer Plaintiff's complaint,[28] which was granted by order entered February 23, 2016.[29] Defendants State of Utah and Third Judicial District Court then filed a motion to dismiss under Rule 12(b)(6) on February 29, 2016, arguing that Plaintiff's claims are barred by the applicable statute of

---

[23] FED. R. CIV. P. 55(a).

[24] *Id*. at 12(a)(1).

[25] *Id*. at 12(b).

[26] *Id*. at 12(a)(4).

[27] Defendant's-Salt Lake County-Motion to Dismiss Complaint With Prejudice, docket no. 6, filed Feb. 19, 2016.

[28] Motion for Extension of Time to Answer Plaintiff's Complaint, docket no. 7, filed Feb. 22, 2016.

[29] Order Granting Motion for Extension of Time to Answer Plaintiff's Complaint, docket no. 8, filed Feb. 23, 2016.

limitations and sovereign immunity.[30] Subsequently, on March 11, 2016, Plaintiff filed motions for entry of default and default judgment against Defendants.[31]

Based on this record, the Magistrate Judge's determination that Defendants were not in default[32] was correct. The timely filing of Defendants' motions to dismiss[33] altered the time for filing an answer until after a ruling issued on the motions.[34] Additionally, given the denial of Plaintiff's motions for entry of default and default judgment,[35] the Magistrate Judge's finding that Defendants' motion to strike was moot[36] was not clearly erroneous or contrary to law.

## ORDER

IT IS HEREBY ORDERED that the analysis and conclusions of the Magistrate Judge are accepted and the orders[37] are ADOPTED.

Signed October 11, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[30] State Defendants' Motion to Dismiss, docket no. 9, filed February 29, 2016.

[31] Request for Entry of Default, docket no. 11, filed Mar. 11, 2016; Motion for Default Judgement, docket no. 12, filed Mar. 11, 2016.

[32] Docket Text Order Denying [11] Motion for Entry of Default, docket no. 27, entered Sept. 14, 2016; Docket Text Order Denying [12] Motion for Default Judgment, docket no. 28, entered Sept. 14, 2016.

[33] Defendant's-Salt Lake County-Motion to Dismiss Complaint With Prejudice, docket no. 6, filed Feb. 19, 2016; State Defendants' Motion to Dismiss, docket no. 9, filed February 29, 2016.

[34] FED. R. CIV. P. 12(a)(4), (b).

[35] Docket Text Order Denying [11] Motion for Entry of Default, docket no. 27, entered Sept. 14, 2016; Docket Text Order Denying [12] Motion for Default Judgment, docket no. 28, entered Sept. 14, 2016.

[36] Docket Text Order Finding as Moot [14] Motion to Strike, docket no. 29, entered Sept. 14, 2016.

[37] Memorandum Decision, docket no. 31, entered Sept. 14, 2016; Docket Text Order Denying [15] Motion for Hearing, docket no. 26, entered Sept. 14, 2016; Docket Text Order Denying [17] Motion for Hearing, docket no. 30, entered Sept. 14, 2016; Docket Text Order Denying [11] Motion for Entry of Default, docket no. 27, entered Sept. 14, 2016; Docket Text Order Denying [12] Motion for Default Judgment, docket no. 28, entered Sept. 14, 2016; Docket Text Order Finding as Moot [14] Motion to Strike, docket no. 29, entered Sept. 14, 2016.